IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DIRECT GENERAL INSURANCE
COMPANY,

       Plaintiff,

vs.

Case No. 14-20050-CIV-COOKE/TORRES

INDIAN HARBOR INSURANCE
COMPANY, HOUSTON CASUALTY
COMPANY, AND NATIONAL
SPECIALTY INSURANCE COMPANY,

       Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Direct General Insurance Company ("Direct General"), pursuant to Local Rule 7.1(c), files this Motion for Leave to File a Motion for Partial Summary Judgment Seeking Reimbursement of Defense Expenses and Settlement Costs against Defendants Houston Casualty Company ("Houston Casualty") and National Specialty Insurance Company ("National Specialty"). The grounds for this motion are as follows:

1. This is a declaratory judgment action originally brought by Direct General against three of its professional liability insurers: Indian Harbor Insurance Company ("Indian Harbor"), Houston Casualty, and National Specialty. Direct General's First Amended Complaint (ECF No. 37) seeks a declaration of coverage for defense expenses and settlement costs incurred in defending against and resolving thousands of underlying personal injury protection ("PIP") demands and lawsuits.

2. On May 9, 2014, Direct General filed a motion for partial summary judgment against Indian Harbor, which provided Direct General's primary layer of professional liability insurance. (ECF No. 60).

3. On June 10, 2014, Indian Harbor filed an Opposition to Direct General's Motion for Partial Summary Judgment (ECF No. 68). Neither Houston Casualty nor National Specialty filed a response in opposition to the motion against Indian Harbor because the motion did not pertain them.

4. On August 5, 2014, Direct General and Indian Harbor reached a settlement, which exhausted Indian Harbor's coverage limits and made it unnecessary for the Court to rule on Direct General's motion. Indian Harbor was subsequently dismissed from this lawsuit, and the previously filed motion is now moot.

5. Direct General now seeks to move for partial summary judgment against the remaining Excess Insurer defendants, Houston Casualty and National Specialty. That motion, attached as Exhibit 1, seeks a declaration that Houston Casualty and National Specialty are required to pay defense expenses and settlement costs that Direct General has incurred in defending against and settling a number of the underlying PIP claims, including the St. Pete MRI Class Action and the Divale Complaints. A key ground for relief is that the primary layer of insurance coverage provided by Indian Harbor has been exhausted, thus triggering Houston Casualty's and National Specialty's coverage obligations.

6. For these reasons, Direct General respectfully requests that this Court permit the filing of its Partial Motion for Summary Judgment. Houston Casualty and National Specialty will not be prejudiced by granting leave to file this motion.

7. Direct General's proposed Motion for Partial Summary Judgment Seeking Reimbursement of Defense Expenses and Settlement Costs is attached as Exhibit 1. A proposed order is attached as Exhibit 2.

8. Counsel for Houston Casualty and National Specialty have indicated that they do not consent to this motion.

WHEREFORE, Plaintiff Direct General respectfully requests that this Court grant its Motion for Leave to File Its Motion for Partial Summary Judgment.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for Defendants Houston Casualty Company and National Specialty Insurance Company regarding the relief sought in this motion, and that defendants do not consent to the relief sought herein.

Respectfully submitted,

*s/ Steven W. Davis*
Stephen N. Zack (Fla. Bar No. 145215)
Steven Wayne Davis (Fla. Bar No. 347442)
BOIES SCHILLER & FLEXNER
100 SE 2nd Street
Miami Tower – Suite 2800
Miami, Florida  33131-2144
Tel:  (305) 539-8400
Fax:  (305) 539-1307
szack@bsfllp.com
sdavis@bsfllp.com

Katherine J. Henry (*admitted pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Washington, DC  20036
Tel:  (202) 719-8244
Fax:  (202) 719-8344
khenry@babc.com

Thor Y. Urness (*admitted pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Tel: (615) 252-2384
Fax:  (615) 252-6384
turness@babc.com

Dylan C. Black (*admitted pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Tel: (205) 521-8296
Fax: (205) 488-6296
dblack@babc.com

*Attorneys for Plaintiff, Direct General Insurance Company*

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 17, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Jonathan A. Constine
TROUTMAN SANDERS, LLP
401 9th Street NW - Suite 1000
Washington, DC 20004-2134
jonathan.constine@troutmansanders.com
*Counsel for Indian Harbor Insurance Company*

Alexander R. Karam
SHIPMAN & GOODWIN, LLP
1875 K. Street NW - Suite 600
Wasington, DC 20006
akaram@goodwin.com
*Counsel for Houston Casualty Company*

Ira S. Bergman
Lionel F Rivera
MOUND COTTON WOLLAN & GREENGRASS
101 NE 3rd Avenue - Suite 1500
Fort Lauderdale, FL 33301
ibergman@moundcotton.com
lrivera@moundcotton.com
*Counsel for Houston Casualty Company*

Steven Jeffrey Brodie
Daniel Gonzalo Enriquez
Jason Patrick Kairalla
CARLTON FIELDS JORDEN BURT, PA
100 SE Second Street - Suite 4200
Miami, FL 33131
sbrodie@cfjblaw.com
denriquez@cfjblaw.com
jkairalla@CFJBLaw.com
*Counsel for National Specialty Insurance Company*

    *s/ Steven W. Davis*
    Steven W. Davis